UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KIM ROUNDS,<br><br>    Plaintiff,<br><br>v.<br><br>ARBOR PROFESSIONAL SOLUTIONS, INC.,<br><br>    Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 2:20-cv-00460<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW COMES Plaintiff, KIM ROUNDS ("Plaintiff"), by and through her attorneys, Consumer Law Partners, LLC, complaining as to the conduct of ARBOR PROFESSIONAL SOLUTIONS, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Indiana and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Indiana.

1

## PARTIES

4. Plaintiff is a disabled consumer over 18-years-of-age residing in Lake County, Indiana, which is located within the Northern District of Indiana.

5. Defendant "provides a full range of debt recovery options and services to meet a wide range of business needs."[1] Defendant regularly uses the mail and/or credit reporting for the purpose of collecting upon consumer debts. Defendant is a corporation organized under the laws of the State of Michigan, with its registered agent, Thomas Oldani, located at 2090 South Main Street, Ann Arbor, Michigan, 48103. Defendant regularly collects from consumers in the State of Indiana.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. Plaintiff recently reviewed her Experian credit report and discovered an entry bearing Defendant's name, reporting in an active collection status a delinquent ambulance debt originally incurred to *City of Gary Fire Department* ("subject debt"), as seen below:

| Account name | Account number | Recent balance | Date opened | Status |
|---|---|---|---|---|
| ARBOR PROFESSIONAL SOLUT | | $0 as of 12/11/2020 | 05/2015 | **Collection account.** |
| 2090 S MAIN ST<br>ANN ARBOR, MI 48103<br>800 741 6955<br>**Address identification number**<br>0098820625<br>**Original creditor**<br>CITY OF GARY FIRE DEPARTMENT- | **Type**<br>Collection<br>**Terms**<br>1 Months<br>**On record until**<br>Feb 2021 | **Credit limit or original amount**<br>$625<br>**High balance**<br>$0<br>**Monthly payment**<br>$0<br>**Recent payment amount**<br>$0 | **Date of status**<br>05/2015<br>**First reported**<br>09/2016<br>**Responsibility**<br>Individual | |

---

[1] http://arborps.com/

2

8. Plaintiff became extremely confused by Defendant's reporting, as not only did Plaintiff not recall owing the subject debt, but Defendant was also listing the subject debt as an active collection account with a $0.00 balance.

9. Defendant also updated its reporting of the subject debt to Experian on December 11, 2020.

10. Based on Experian's credit report, the subject debt was satisfied and/or no longer owed by Plaintiff, but yet, Defendant continued to report the subject debt as an active collection account.

11. Confused as to the nature and extent of her obligations with regard to the subject debt, in December 2020, Plaintiff visited Defendant's website (https://arbor.settlementapp.com/login) ("online portal") to ascertain additional information.

12. Upon inputting her personal information, Plaintiff was notified, "Account not found," as seen below:



13. Defendant's online portal only exacerbated Plaintiff's confusion, as Plaintiff did not know if the subject debt was owed or whether it was even legitimate.

14. Plaintiff's ability to go about intelligently addressing the subject debt was materially impeded by Defendant's communications given Defendant's failure to provide substantive information designed to provide Plaintiff with sufficient information to go about addressing the debt serving as the basis of Defendant's collection efforts.

15. Defendant's failure, in addition to confusing and misleading Plaintiff, similarly leaves the least-sophisticated consumer in doubt about the amount and status of the subject debt.

16. As a result of Defendant's unlawful behavior, Plaintiff was forced to retain counsel, and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

17. As a result of the conduct, actions, and inactions of Defendant, Plaintiff has suffered various types of damages as set forth herein, including specifically, invasion of privacy, expenses and time incurred curing and remediating fraudulent account activity, time and expenses reasonably incurred to prevent future fraudulent activity, credit monitoring, constant vigilance in detecting fraudulent account activity, expenses and time reasonably incurred to prevent future identity theft related losses, out-of-pocket expenses, the loss of credit opportunities, injury to reputation and credit rating, the loss of ability to purchase and benefit from a credit line, time and money expended meeting with her attorneys, monitoring her credit file, mental and emotional pain and suffering.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff repeats and realleges paragraphs 1 through 17 as though fully set forth herein.

19. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

20. Defendant is a debt collector, as defined by 15 U.S.C. § 1692a, because it is a person who uses any instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, and because it regularly use the mails and/or telephones to collect, or attempt to collect, directly or indirectly consumer delinquent debts owed or due or asserted to be owed or due another. Defendant has also been a member of the Association of Credit and Collection Professionals ("ACA") since 1924.[2]

21. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

---

[2] http://www.acainternational.org/search#memberdirectory

a. **Violations of FDCPA § 1692e**

22. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

23. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A)

> Communicating or threatening to communicate to any person credit information which is known or which should be known to be false; 15 U.S.C. §1692e(8).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

24. Defendant violated §§ 1692e, e(2), and e(10) through its failure to clearly and fairly communicate information about the nature and amount of the subject debt to Plaintiff via its credit reporting through Experian, as well as through its online portal. Despite the fact that Plaintiff does not owe the subject debt, Defendant still continued to list the subject debt as an open collection account. Plaintiff even attempted to gather additional information to make sense of Defendant's discrepancy, however, upon inputting her personal information into Defendant's online portal, Plaintiff was told that her account was not found. At that point, Plaintiff did not know whether she owed the subject debt, or whether Defendant's collection efforts were even legitimate. Yet, Defendant has persisted with its false communications to the credit reporting agencies.

25. As an experienced debt collection agency, Defendant knows that, in communicating with a consumer, it is required to be truthful, complete and accurate as to what it represents in such communications, and to avoid deceiving or misleading the consumer.

b. **Violations of FDCPA § 1692f**

26. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

27. Defendant violated §1692f by unfairly reporting the subject debt as an active collection account to Experian, when the subject debt was no longer owed by Plaintiff.  Defendant communicated that Plaintiff did not owe a balance on the subject debt, and the subject debt was not even listed on Defendant's online portal.  Yet, Defendant continued to falsely report the subject debt to Experian as an active collection account.  Defendant engaged in this behavior in an effort to coerce Plaintiff into paying towards an account that he does not wish to pay.

28. As set forth in paragraphs 14 through 18, *supra*, Plaintiff has been harmed as a result of Defendant's unlawful collection practices as described in this Complaint.

WHEREFORE, Plaintiff, KIM ROUNDS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

DATED this 17th day of December, 2020.            Respectfully Submitted,

                                              */s/ Taxiarchis Hatzidimitriadis*
                                              Taxiarchis Hatzidimitriadis #6319225
                                              David S. Klain #0066305
                                              CONSUMER LAW PARTNERS, LLC
                                              333 N. Michigan Ave., Suite 1300

Chicago, Illinois 60601  
(267) 422-1000 (phone)  
(267) 422-2000 (fax)  
teddy@consumerlawpartners.com

*Attorneys for Plaintiff, Kim Rounds*